# LEE LITIGATION GROUP, PLLC
148 W. 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:  (212) 465-1188
cklee@leelitigation.com

May 24, 2019

**VIA ECF**
The Honorable Katherine Polk Failla, U.S.D.J
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:   *Paniagua v. Havana Cafe, LLC et al*
                Case No. 18-cv-7038

Dear Judge Failla:

    We are counsel to Plaintiff and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

    In this matter, the parties have reached a settlement of $10,000 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $10,000, of which $6,666.67 is being allocated to Plaintiff Elpido Paniagua. Attached hereto as **Exhibit B** are Plaintiff Elpido Paniagua's damage calculations for his alleged unpaid compensation, calculated to be $8,300.00 in back wages (80.3% recovery).

Plaintiff's damage calculations assume that all the facts alleged by Plaintiff are entirely correct. Therefore, they are a best-case scenario. However, Defendants contest most of Plaintiff's allegations and contend that Plaintiff is owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiff was correctly compensated for his overtime hours, or that he worked less hours than alleged, Plaintiff's damages would be significantly reduced, and he would face the possibility of obtaining less than the payment he is receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA. Plaintiff believes the amount of $10,000 is a fair result, obtaining a majority of Plaintiff's alleged back wages, plus attorney's fees, while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a smaller amount than what is allocated to him in the settlement.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive recovery of a majority of his alleged back wages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

**The Attorneys' Fees are Fair and Reasonable**

Of the $10,000 settlement amount, $3,333.33 is allocated to attorneys' fees and costs. The legal fees of $3,333.33 equal 33.3% of the settlement amount, exactly one-third, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees of $3,333.33 are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing an Amended Complaint, reviewing Defendants' answer, preparing damages calculations, preparing for and attending an initial pretrial conference, preparing discovery requests, reviewing Defendants' discovery production, negotiating with

Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

  *s/ C.K. Lee*
C.K. Lee, Esq.

Encl.